```
            IN THE DISTRICT COURT OF THE UNITED STATES
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

KELLY MAIER
and ANDREW MAIER

       Plaintiffs,

vs.                                   CASE NO.:

ZAKHEIM & ASSOCIATES, P.A.;
FLYNN LA VRAR; and
DISCOVER BANK,

       Defendants.
_____/
```

COMPLAINT AND DEMAND FOR JURY TRIAL
(Unlawful Debt Collection Practices)

Plaintiffs Kelly Maier, formerly known as Kelly Joanne Bober, and Andrew Maier, by the undersigned attorneys, sue defendants Zakheim & Associates, P.A.; Flynn La Vrar; and Discover Bank, and state as follows:

PART I: INTRODUCTION

1. This is an action for damages brought by individual consumers for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debts; and the Florida

Page 1 of  8

Consumer Collection Practices Act, Chap. 559, Florida Statutes ("FCCPA"), which prohibits all persons from engaging in abusive, deceptive and unfair practices in the collection of consumer debts.

2. The debt sought to be collected by the defendants herein was a consumer debt within the meaning of the FDCPA and the FCCPA.

3. The plaintiffs have retained the below-signed attorneys and are obligated to pay them a reasonable fee for their services.

## PART II: JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337; supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

5. Venue in this District is proper in that the defendants transact business here and the plaintiffs live here.

## PART III: PARTIES

6. Plaintiffs Kelly Maier, formerly known as Kelly Joanne Bober, and Andrew Maier ("Mr. and Mrs. Maier") are natural persons residing in Pasco County, Florida, which is in the

Middle District of Florida, Tampa Division.

7. The defendants herein are as follow:

 a. Zakheim & Associates, P.A. ("Zakheim & Associates") is a professional corporation formed under the laws of the state of Florida with its principal place of business located in Plantation, Florida.

 b. Discover Bank is a foreign Delaware corporation with its headquarters located in Greenwood, Delaware.

 c. Flynn La Vrar ("La Vrar") is a natural person believed to be residing in or near Plantation, Florida.

8. Defendants Zakheim & Associates and La Vrar are "debt collectors" as defined by the FDCPA at 15 U.S.C., Section 1692a(6). All defendants are subject to the provisions of the FCCPA.

<u>PART IV: FACTUAL ALLEGATIONS</u>

9. Mr. and Mrs. Maier have been the objects of consumer debt collection activity by the defendants, which activity occurred within one year prior to the date of filing this action with respect to violations under the FDCPA, and within two years with respect to violations under the FCCPA. Such activity includes but is not limited to the events described below.

10. On January 25, 2005 Zakheim & Associates, P.A.

obtained a judgment on behalf of Discover Bank against Kelly Joanne Bober, now known as Kelly Maier in Case No. SC0-03-2523 in the County Court in and for Orange County, Florida ("the state collection action"). A copy of the judgment is attached as Exhibit "A".

11. On or about June 6, 2007 Kelly Maier paid the judgment off and obtained a satisfaction of judgment which was prepared by Zakheim & Associates and recorded in Orange County, Florida. A copy of the satisfaction is attached as Exhibit "B".

12. Two months later, on August 9, 2007, Flynn La Vrar of Zakheim & Associates filed a Motion for Writ of Garnishment on behalf of Discover Bank in the state collection action despite the fact that the judgment had been satisfied two months before. A copy of the Motion for Garnishment After Judgment is attached as Exhibit "C".

13. Pursuant to Exhibit "C" a Writ of Garnishment was issued in the state court collection action on September 4, 2007, a copy of which is attached as Exhibit "D".

14. On or about September 7, 2007 the Writ of Garnishment was served on Bank of Tampa in Tampa, Florida where the Kelly Maier had a joint bank account with her husband, Arthur Maier; as a result, all funds in the joint account were frozen by the

Bank of Tampa.

15. Zakheim & Associates and La Vrar did not move to release the wrongful garnishment until two weeks later when on September 20, 2007 they filed a Notice of Voluntary Dismissal of Garnishment and a Motion to Dissolve Writ of Garnishment and to Release Funds on Deposit, copies of which are attached as Composite Exhibit "E".

16. An Order Dissolving Writ of Garnishment and Releasing Funds on Deposit was not entered in the state court collection action until almost a month later, only October 15, 2007. A copy of the Order Dissolving Writ of Garnishment and Releasing Funds on Deposit is attached as Exhibit "F".

### COUNT I: CLAIM FOR VIOLATIONS OF FDCPA

17. The allegations contained in Parts I, II, III, and IV above are hereby realleged and incorporated herein by reference.

18. The facts reflected above involve violations of multiple sections of the FDCPA, including but not limited to the following:

    a. 15 U.S.C. § 1692d which prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

    b. 15 U.S.C. § 1692e, which prohibits "any false,

deceptive, or misleading representation or means in connection with the collection of any debt."

    d. 15 U.S.C. § 1692e(2)(A) which prohibits "the false representation of...the character, amount, or legal status of any debt."

    e. 15 U.S.C. § 1692e(10) which prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt...."

    f. 15 U.S.C. § 1692f which prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

    g. 15 U.S.C. § 1692f(1) which prohibits "the collection of any amount...unless such amount is expressly...permitted by law."

19. As a result of the above violations of the FDCPA, the defendants are liable statutory damages of $1,000.00 together with actual damages, costs, and attorneys' fees, all as provided in 15 U.S.C. § 1692k.

### COUNT II: CLAIM FOR VIOLATIONS OF FCCPA

20. The allegations contained in Parts I, II, III, and IV above are hereby realleged and incorporated herein by reference.

21. The facts reflected above involve violations of

multiple sections of the FCCPA, including but not limited to the following:

    a. § 559.72(7), Fla. Stat., which prohibits willfully engaging in "conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

    b. § 559.72(9), Fla. Stat., which prohibits attempting to enforce a debt when a "person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist."

22. As a result of the above violations of the FCCPA, each defendant is liable to each plaintiff for statutory damages of $1,000.00 together with actual damages, costs, and attorneys fees, all as provided in § 559.77, Fla. Stat.

16. The FCCPA at § 559.77(2), Fla. Stat., provides for the imposition of punitive damages against offending parties within the discretion of the Court, and such damages may be claimed by the plaintiff now. Cohen v. Office Depot, 184 F.3d 1292 (11th Cir. 1999); reaffirmed, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). It is accordingly requested that Court exercise such discretion and impose punitive damages herein upon the showing of abuse and harassment committed by

one or more defendants through various violations of both the FDCPA and the FCCPA.

WHEREFORE, demand is hereby made for judgment against the defendants, as indicated above, for the following:

a. Actual damages and statutory damages pursuant to 15 U.S.C. § 1692(k);

b. Actual and statutory damages pursuant to § 559.77, Fla. Stat.;

c. Punitive damages pursuant to § 559.77(2);

d. Costs and attorneys' fees pursuant to both 15 U.S.C. § 1692 and § 559.77(2), Fla. Stat.;

e. Such other and further relief as the Court may deem to be just and proper.

f. Demand for trial by jury is made in this action.

```
                        s/ Frederick W. Vollrath
                        FREDERICK W. VOLLRATH, TRIAL COUNSEL
                        FBN 165812  Email: fredvollrath@aol.com
                        TIMOTHY CONDON, CO-COUNSEL
                        FBN 217921  Email: tim@timcondon.net
                        VOLLRATH-CONDON, P.A.
                        307 S. Fielding Ave., Suite #2
                        Tampa, Florida 33606
                        Tel. 813-251-2626  Fax 813-254-2979
                        COUNSEL FOR PLAINTIFFS
```