UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:  8:08-CV-01482 T17 TBM

KELLY MAIER and ANDREW MAIER,

    Plaintiff,

vs.

ZAKHEIM & ASSOCIATES, P.A., FLYNN LA VRAR and DISCOVER BANK,

    Defendant.             /

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Zakheim & Associates, P.A. ("Zakheim") hereby answers the Complaint pursuant to Fed. R. Civ. P. 12, and state:

1. All allegations of fault, liability, legal responsibility, duty, breach, and damages are denied.

2. In response to the allegations Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, ("FDCPA") and the Florida Consumer Collection Practices Act, 559.55 et seq ("FCCPA").  Defendant denies it has violated the FDCPA or the FCCPA, and denies that it is liable to Plaintiff.  All other allegations are denied.

3. In response to the allegations Paragraph 2 of the Complaint, Defendant is without knowledge of whether the underlying amount at issue is a "consumer debt" as defined by the

FDCPA and FCCPA, and therefore denies said allegations.

4. Defendant is without knowledge of the allegations in Paragraph 3 of the Complaint, and therefore denies said allegations.

5. In response to the allegations Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within the jurisdiction of this Court. All other allegations are denied.

6. In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff purports to allege venue within the jurisdiction of this Court. Defendant is without knowledge as to Plaintiff's residence. Defendant admits that it has conducted business in this District. All other allegations are denied.

7. Defendant is without knowledge as to the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

8. In response to Paragraph 7 of the Complaint, Defendant admits the allegations as to Zakheim and La Vrar. Upon information and belief, Defendant admits the allegations as to Discover Bank.

9. In response to the allegations in Paragraph 8 of the Complaint, Defendant admits that it is sometimes construed as a "debt collector" as defined in the FDCPA. Defendant is without knowledge of whether the underlying amount at issue is a "debt" as defined by the FDCPA or FCCPA. All other allegations are denied.

10. In response to the allegations in Paragraph 9 of the Complaint, Defendant admits that Zakheim attempted to collect an amount owed from one or both the Plaintiffs. All other allegations are denied.

11. In response to the allegations of Paragraph 10 of the Complaint, the referenced

document is the best evidence of its content.

12. In response to the allegations of Paragraph 11, Defendant admits that an amount was paid on or around the time alleged. The referenced document is the best evidence of its content.

13. In response to the allegations of Paragraph 12 of the Complaint, Defendant admits that a motion was prepared. The referenced document is the best evidence of its content. All other allegations are denied.

14. In response to the allegations of Paragraph 13 of the Complaint, the referenced document is the best evidence of its content. All other allegations are denied.

15. In response to the allegations of Paragraph 14 of the Complaint, upon information and belief, Defendant admits that a writ was served upon the bank. Defendant is without knowledge as to the remainder of the allegations.

16. In response to the allegations of Paragraph 15 of the Complaint, Defendant denies the allegations as phrased. Defendant admits that the documents alleged were prepared and filed. All other allegations are denied.

17. In response to the allegations of Paragraph 16 of the Complaint, the referenced document is the best evidence of its content. All other allegations are denied.

**COUNT I – FDCPA**

18. In response to the allegations of Paragraph 17, Defendant incorporates and re-alleges its responses to the allegations of the previous Paragraphs herein.

19. Defendant denies the allegations of Paragraph 18.

20. Defendant denies the allegations of Paragraph 19.

**COUNT II – FCCPA**

21. In response to the allegations of Paragraph 20, Defendant incorporates and re-alleges its responses to the allegations of Paragraphs 1-16 herein.

22. Defendant denies the allegations of Paragraph 21.

23. Defendant denies the allegations of Paragraph 22.

24. In response to the allegations of the second Paragraph 16, Defendant admits that the Complaint purports to seek punitive damages. Defendant denies that it is liable to Plaintiffs.

## **AFFIRMATIVE DEFENSES**

25. Defendant states that if it violated the FDCPA or the FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

26. Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

27. Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

28. Further answering, Plaintiff's claims fail to state a claim. Plaintiff's claims for declaratory relief are barred because such relief is not permissible for FDCPA or FCCPA claims. *See Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830 (11th Cir. 1982); *Schimmel v. Slaughter,* 975 F.Supp. 1481 (M.D. Ga. 1997). Plaintiffs' claims for emotional distress damages are also not recoverable under Florida or Federal law.

29. In the event Plaintiff is able to adequately plead an individual violation of the FDCPA or FCCPA, Plaintiff's entitlement to statutory damages is **capped** at $1,000 per action not per violation or per Defendant. *See Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

Case No.: 8:08-CV-01482 T17 TBM

30.     Defendant is entitled to the award of attorneys fees and costs pursuant to 15 U.S.C. § 1692k, 28 U.S.C. §§ 1920 and 1927, and Fla. Stat. §§ 559.77 and 57.105.

WHEREFORE, Defendant, respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, and 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105, in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: August 29, 2008.

s/David P. Hartnett  
David P. Hartnett  
Florida Bar No. 946631  
dhartnett@hinshawlaw.com  
HINSHAW & CULBERTSON LLP  
9155 S. Dadeland Boulevard  
Suite 1600  
Miami, Florida 33156-2741  
Telephone: 305-358-7747  
Facsimile: 305-577-1063

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record: FREDERICK W. VOLLRATH, ESQUIRE, FBN 165812, TIMOTHY CONDON, ESQUIRE, FBN 21792 VOLLRATH-CONDON, P.A., 307 S. Fielding Avenue, Suite 2, Tampa, Florida 33606

/s/  David P. Hartnett
David P. Hartnett