UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:  8:08-CV-01482 T17 TBM

KELLY MAIER and ANDREW MAIER,

      Plaintiff,

vs.

ZAKHEIM & ASSOCIATES, P.A., FLYNN LA VRAR and DISCOVER BANK,

      Defendant.                              /

**<u>DEFENDANT DISCOVER BANK'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Discover Bank ("Discover") hereby answers the Complaint pursuant to Fed. R. Civ. P. 12, and state:

1.    All allegations of fault, liability, legal responsibility, duty, breach, and damages are denied.

2.    In response to the allegations Paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to allege claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*., ("FDCPA") and the Florida Consumer Collection Practices Act, 559.55 et seq ("FCCPA").  Defendant denies it is subject to the FDCPA, denies that is has violated the FDCPA or the FCCPA, and denies that it is liable to Plaintiff.  All other allegations are denied.

3.    In response to the allegations Paragraph 2 of the Complaint, Defendant is without knowledge of whether the underlying amount at issue is a "consumer debt" as defined by the

FDCPA and FCCPA, and therefore denies said allegations.

4. Defendant is without knowledge of the allegations in Paragraph 3 of the Complaint, and therefore denies said allegations.

5. In response to the allegations Paragraph 4 of the Complaint, Defendant admits that Plaintiff purports to allege jurisdiction within the jurisdiction of this Court. This Defendant denies that it is subject to the FDCPA, and therefore denies that this Court has subject matter jurisdiction over this Defendant. All other allegations are denied.

6. In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff purports to allege venue within the jurisdiction of this Court. Defendant is without knowledge as to Plaintiff's residence. Defendant admits that it has conducted business in this District. All other allegations are denied.

7. Defendant is without knowledge as to the allegations contained in Paragraph 6 of the Complaint, and therefore denies same.

8. In response to Paragraph 7 of the Complaint, as to Discover, Defendant denies the allegations as phrased. Defendant admits that it is a Delaware State Bank located in Greenwood. Upon information and belief, Defendant admits the allegations as to Zakheim & Associates, P.A. ("Zakheim") and Flynn La Vrar ("La Vrar").

9. In response to the allegations in Paragraph 8 of the Complaint, upon information and belief, Defendant admits that Zakheim La Vrar may sometimes be construed as a "debt collector" as defined in the FDCPA. This Defendant denies that it is subject to the FDCPA. Defendant is without knowledge of whether the underlying amount at issue is a "debt" as defined by the FDCPA or FCCPA. All other allegations are denied.

10. In response to the allegations in Paragraph 9 of the Complaint, Defendant admits

14429810v1 891945 48154

that Zakheim attempted to collect an amount owed from one or both the Plaintiffs. This Defendant denies that it is subject to the FDCPA. All other allegations are denied.

11. In response to the allegations of Paragraph 10 of the Complaint, Defendant is without knowledge as to the allegations. The referenced document is the best evidence of its content.

12. In response to the allegations of Paragraph 11, Defendant is without knowledge as to whether an amount was paid on or around the time alleged to Zakheim. The referenced document is the best evidence of its content.

13. In response to the allegations of Paragraph 12 of the Complaint, Defendant is without knowledge as to the allegations. The referenced document is the best evidence of its content. All other allegations are denied.

14. In response to the allegations of Paragraph 13 of the Complaint, Defendant is without knowledge as to the allegations. The referenced document is the best evidence of its content. All other allegations are denied.

15. In response to the allegations of Paragraph 14 of the Complaint, Defendant is without knowledge as to the allegations.

16. In response to the allegations of Paragraph 15 of the Complaint, Defendant is without knowledge as to the allegations. The referenced document is the best evidence of its content. All other allegations are denied.

17. In response to the allegations of Paragraph 16 of the Complaint, Defendant is without knowledge as to the allegations. The referenced document is the best evidence of its content. All other allegations are denied.

**COUNT I – FDCPA**

14429810v1  891945  48154

18.     In response to the allegations of Paragraph 17, Defendant incorporates and re-alleges its responses to the allegations of the previous Paragraphs herein.

19.     Defendant denies the allegations of Paragraph 18.  Defendant denies it is subject to the FDCPA.

20.     Defendant denies the allegations of Paragraph 19.  Defendant denies it is subject to the FDCPA.

## COUNT II – FCCPA

21.     In response to the allegations of Paragraph 20, Defendant incorporates and re-alleges its responses to the allegations of Paragraphs 1-16 herein.

22.     Defendant denies the allegations of Paragraph 21.

23.     Defendant denies the allegations of Paragraph 22.

24.     In response to the allegations of the second Paragraph 16, Defendant admits that the Complaint purports to seek punitive damages.  Defendant denies that it is liable to Plaintiffs.

## AFFIRMATIVE DEFENSES

25.     Defendant states that if it violated the FDCPA or the FCCPA, which it denies, the violation was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

26.     Defendant reserves the right to issue additional affirmative defenses which cannot be articulated at this time.

27.     Defendant has retained the law firm of Hinshaw & Culbertson LLP to represent its interests and is obligated to pay said firm attorney's fees related to the same.

28.     Further answering, this Court lacks subject matter jurisdiction over this Defendant.  Defendant denies it is subject to the FDCPA.  Defendant is not a debt collector as

defined by the FDCPA. Therefore, there is no federal subject matter jurisdiction over this Defendant. Accordingly, this Court cannot exercise its supplemental jurisdiction over this Defendant.

29. Plaintiff's claims fail to state a claim. Defendant denies it is subject to the FDCPA. Plaintiff has failed to allege this Defendant is a "debt collector" that is subject to the FDCPA. Additionally, Plaintiff's claims for declaratory relief are barred because such relief is not permissible for FDCPA or FCCPA claims. *See Sibley v. Fulton DeKalb Collection Service,* 677 F.2d 830 (11th Cir. 1982); *Schimmel v. Slaughter,* 975 F.Supp. 1481 (M.D. Ga. 1997). Plaintiffs' claims for emotional distress damages are also not recoverable under Florida or Federal law.

30. In the event Plaintiff is able to adequately plead an individual violation of the FDCPA or FCCPA, Plaintiff's entitlement to statutory damages is **capped** at $1,000 per action not per violation or per Defendant. *See Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

31. Defendant is entitled to the award of attorneys fees and costs pursuant to 15 U.S.C. § 1692k, 28 U.S.C. §§ 1920 and 1927, and Fla. Stat. §§ 559.77 and 57.105.

WHEREFORE, Defendant, respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, and that this Court award costs and attorney's fees pursuant to 28 U.S.C. §§ 1920, 1927, and 15 U.S.C. § 1692k, and Fla. Stat. §§ 559.77 and 57.105, in favor of Defendant, and award any other relief in favor of Defendant that this Court deems just and appropriate.

Dated: September 5, 2008.

14429810v1 891945 48154

Case No.: 8:08-CV-01482 T17 TBM

s/David P. Hartnett
_____
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063

14429810v1 891945 48154

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel of record: FREDERICK W. VOLLRATH, ESQUIRE, FBN 165812, TIMOTHY CONDON, ESQUIRE, FBN 21792 VOLLRATH-CONDON, P.A., 307 S. Fielding Avenue, Suite 2, Tampa, Florida 33606

/s/  David P. Hartnett
David P. Hartnett